GEORGE WITTEN v. THE STATE.

No. 3791. Decided November 24, 1915.

**1.—Theft of Cattle—Sufficiency of the Evidence—Principals.**

Where, upon trial of theft of cattle, the evidence showed that defendant and his brother stole the alleged cattle, and was sufficient to sustain the conviction, there was no reversible error on that ground, and the question whether they stole the cattle jointly or not becomes wholly immaterial. Davidson, Judge, expressing doubt.

**2.—Same—Venue—County Boundaries—Charge of Court.**

Where the sole question was whether or not the alleged cattle were stolen in Wilson County where the prosecution was had, or within 400 yards of the dividing line between that and Atascosa County, and the testimony was amply sufficient that the stolen cattle were in Wilson County at the time they were taken by the defendant, and the court's charge specifically required the jury to believe beyond a reasonable doubt that the defendant fraudulently took the cattle in Wilson County, before they could convict defendant, and also submitted in a proper charge the question of the county boundaries, there was no reversible error. Davidson, Judge, dissenting.

**3.—Same—Confessions of Guilt—Bills of Exception—Practice on Appeal.**

Under the undisputed evidence and the positive and unequivocal testimony of defendant, that he stole the alleged cattle, it becomes unnecessary to consider other bills of exception with reference thereto; however, when considered, there was no reversible error.

Appeal from the District Court of Wilson. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—By indictment of the grand jury of Wilson County appellant was properly charged with the theft of twenty head of cattle from T. W. Gilliland, the taking being specifically charged to have been in said Wilson County. The jury found

him guilty and assessed his punishment at two years confinement in the penitentiary, the lowest prescribed by law.

The evidence, without the testimony of appellant, was amply sufficient to show that he and his brother, Nelse Witten, stole the cattle as alleged; but, whether they jointly stole them or not, so far as appellant is concerned in this case, that question becomes wholly immaterial, for the appellant testified fully, and he specifically and positively testified that he stole the animals described in the indictment. He also testified that, when this case was first tried, he pleaded guilty under this indictment. How, or in what way, he got a new trial is not disclosed. His sole defense on this trial was that the cattle were not in Wilson County, nor within 400 yards of the line between Wilson and Atascosa Counties, at the time he took the cattle, but testified that they were in Atascosa County, and more than 400 yards in Atascosa County beyond the dividing line between said two counties when he stole them. So that the sole question was whether or not the cattle were stolen in Wilson County, or within 400 yards of the dividing line between that and Atascosa County.

The testimony of the State, and as for that matter the whole testimony, was amply sufficient, if it did not positively and clearly, establish outside of appellant's testimony alone on this issue, that the stolen cattle were in Wilson County at the time they were taken by appellant.

The court, in submitting the case to the jury for a finding in his charge, specifically required the jury to believe beyond a reasonable doubt, with all the other requisites, that appellant fraudulently took the cattle in Wilson County before they could convict him.

In another paragraph of the court's charge he told them on the question of venue that if they believed beyond a reasonable doubt that he alone, or together with another or others, was guilty of the theft of the cattle as charged in the indictment, "and you further believe from the evidence that the original taking of such cattle (if any) was committed in the County of Wilson, or in the County of Atascosa and within 400 yards of the division line between Wilson County and Atascosa County, you will find the defendant guilty." In the following paragraph he told them that if, on the other hand, they believed from the evidence beyond a reasonable doubt that he alone, or together with another, or others, was guilty of the theft as charged, "and you further believe from the evidence that the original taking of said cattle, if any, was in Atascosa County, and more than 400 yards from the division line between Wilson County and Atascosa County, this case can not be prosecuted nor convicted in Wilson County, and you will find the defendant not guilty."

These charges presented the question of venue properly to the jury, and none of appellant's charges on the subject should have been given.

Appellant has several bills of exception as to other matters, but, under the undisputed and uncontroverted facts of this case and the positive and unequivocal testimony of appellant that he stole the cattle, they are all immaterial and pass out of the case. However, we have con-

sidered all of them; and, even if it was necessary to pass upon them, they present no error.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—I will write a few observations later 'why I think this case ought to be reversed.

DAVIDSON, JUDGE (dissenting).—While I believe the court was in error with reference to the charge on principals, especially in view of the statements of Nelse Witten used by the State to the effect that he and the defendant took the cattle, still I do not deem it necessary to write at length on this matter. It was a serious issue whether the remarks of Nelse Witten, when he made that statement, were heard by appellant. With that statement out the doctrine of principals would not be applicable to the case. It would, therefore, assume a proposition detrimental to defendant, which made him guilty or might make him guilty as a principal, when if Nelse Witten was not a principal or connected with the original taking, appellant's guilt would be made to depend upon a fact not shown. It was a controverted issue, and if the court saw proper to charge on principals from that viewpoint, he ought to have given the converse of the proposition; but it not being a serious matter in this case because of the fact appellant himself admitted taking the property, it might not be injurious, especially as he received the lowest punishment. I simply mention this in passing. If appellant had received more than the minimum punishment, or if it had been a controverted issue as to his being guilty, that would have become a very serious question.

The question of venue became one of serious import, and was really the contested issue on the trial. It may be stated as a conceded or uncontroverted fact that the pasture of Gilliland, the alleged owner, was right on the line between the two counties, Wilson and Atascosa, and that the alleged stolen property sometimes was in the pasture and sometimes out; more often out than in, and that the pasture fence was down or in such condition that the cattle paid no regard to it and went out and in at their pleasure. It is also practically an uncontroverted fact that these cattle would range down the road into Atascosa County, and often lie down for the night in Atascosa County. From this the State insisted that the venue was in Wilson County. The court submitted the issue, that if the cattle were in Wilson or within 400 yards of the line, although in Atascosa County, venue would be properly laid in Wilson County. That is a correct proposition of law, but the State's case on this line is entirely circumstantial and drawn from the facts above stated. That they were not in Wilson County when taken may be stated as a conceded fact, or at least it ought not to be controverted. The positive evidence shows that the animals were taken a mile or a mile and a half inside of Atascosa County and beyond the limits of Wilson County. This question was brought properly to the attention

of the court, and with a request that the law be applied specifically to that phase of the case, and if the jury should believe this positive evidence that the cattle were taken as indicated above, appellant should be acquitted, for the reason that Wilson County would not have venue. I think this charge should have been given because that would have been an affirmative presentation of the positive evidence on that theory. The general charge was not sufficient under the circumstances. I am further of opinion that inasmuch as the State could only draw the inference from circumstances that the cattle may have been or may not have been within 400 yards of the Wilson County line at the time taken, this is not sufficient under the testimony showing positively that they were a mile or more inside of Atascosa County. Presumption based on a presumption can not form basis for conviction and is not legal. While the reasonable doubt may not apply to question of venue, still it is a substantial matter to be shown on the trial, and the evidence ought to be sufficiently strong to show that the cattle were within jurisdictional limits. See Branch's Crim. Law, secs. 838-839. This matter was presented to the court in special requested instructions, which were refused and exception taken. I believe under the showing made this judgment ought not to be affirmed.